149 F.3d 1191
 98 CJ C.A.R. 2980
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Demetrio QUINTANA, Petitioner--Appellant,
v.
Edward EVANS and Attorney General Of The State Of Oklahoma,
(W.D.Okla.) Respondents--Appellees.
 No. 97-6409.
 United States Court of Appeals, Tenth Circuit.
 June 5, 1998.
 
 Before ANDERSON, McKAY, and LUCERO, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 McKAY
 
 2
 After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant was convicted by a jury of possession of cocaine, misdemeanor possession of marijuana, and possession of a firearm while in the commission of a felony. Appellant's conviction and sentence were affirmed on appeal to the Oklahoma Court of Criminal Appeals. Appellant filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Western District of Oklahoma, claiming that his conviction "was obtained by use of evidence obtained pursuant to an unlawful seizure ... in violation of the Fourth Amendment to the United States Constitution." R., Doc. 1 at 6. The district court accepted the findings and recommendation of the magistrate judge and dismissed Appellant's section 2254 petition. See id., Doc. 14.
 
 
 4
 Appellant seeks a reversal of the district court's dismissal of his petition. The district court did not issue nor deny Appellant a certificate of appealability. Pursuant to Federal Rule of Appellate Procedure 22(b) and Tenth Circuit protocol, we assume that the district court denied Appellant a certificate of appealability, and that a motion for the issuance of such a certificate is before this court.
 
 
 5
 To obtain a certificate of appealability, an appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We conclude that Appellant has not made the requisite showing. Appellant's petition argues only his repeated contention that the search and seizure conducted during his arrest violated his constitutional rights. We agree with the magistrate judge and the district court that Appellant had a full and fair opportunity to litigate this claim in the state courts. Appellant is, therefore, precluded from bringing a claim for habeas corpus relief based on this assertion. See Stone v. Powell, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir.), cert. denied, 506 U.S. 924, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992).
 
 
 6
 Appellant is DENIED a certificate of appealability, and the order of the district court dismissing Appellant's petition is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3